# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:06cr264

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| JOSEPH SINGH, ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

THIS CAUSE coming on to be heard and being heard before the undersigned upon a violation report filed in the above entitled cause on April 25, 2007 by the United States Probation Office. In the violation report the United States Probation Office alleged that the defendant had violated terms and conditions of his pretrial release. At the call of this matter on for hearing it appeared that the defendant was present with his attorney, Carol Bauer, and that the Government was present through Assistant United States Attorney, Richard Edwards, and from the evidence offered and from the statements of the Assistant United States Attorney and the attorney for the defendant, and the records in this cause, the court makes the following findings.

**Findings**: At the call of the matter, the defendant, by and through his attorney, denied the allegations contained in the violation report that had been filed on April 25, 2007. Testimony was presented by the Government through Robert T. Ferguson, United States Probation Officer.

The defendant was charged, in a bill of indictment filed on December 5, 2006 with

counterfeiting and falsely making obligations of the United States in violation of 18 U.S.C. § 471 and with knowingly selling and transferring and delivering to another person forged and counterfeited obligations of the United States in violation of 18 U.S.C. § 473. A hearing was held in regard to the detention of the defendant on January 10, 2007. On that date, the undersigned entered an order releasing the defendant on a $25,000.00 unsecured bond. The undersigned further set conditions of release which included the following:

(1) That the defendant shall not commit any offense in violation of federal, state or local law while on release in this case.

(7)(l) That the defendant shall refrain from any use of alcohol.

(7)(r) The defendant shall report as soon as possible, to the Office of Probation and Pretrial Services any contact with any law enforcement personnel, including, but not limited to, any arrest, questioning, or traffic stop.

On April 23, 2007, Officer Ferguson had a telephone conversation with Det. Mike Kanter of the Citrus County Sheriff's Office in Inverness, FL. Det. Kanter told Officer Ferguson that the defendant had been arrested in Citrus County, FL as the result of an assault that had been committed on April 19, 2007. The defendant was charged in that county with felony aggravated assault. At the request of Officer Ferguson, Det. Kanter sent by fax machine copies of arrest records, including what was described as a "probable cause affidavit". In the affidavit, it was reported that at 4:23 a.m. April 19, 2007 the Citrus County Sheriff's Office was dispatched to an incident where a victim had suffered two stab wounds

to his upper torso. When the deputies arrived, they determined that the victim had trauma to the area of his right eye and two lacerations to his left side. Emergency medical personnel transported the victim to the hospital. After the victim was released from the hospital Det. Kanter interviewed the victim. During a followup investigation, the victim identified the defendant Joseph Singh as being one of two persons who had assaulted the victim. The victim stated that the defendant had kicked the victim multiple times to his upper torso as a co-defendant had beat and stabbed the victim.

On April 23 2007 Officer Ferguson contacted United States Probation Officer Candice Bunk in Orlando, FL who was providing supervision for the defendant. Officer Bunk was unaware of the defendant's arrest. Officer Bunk further stated that during a home visit was conducted on April 3, 2007 the defendant admitted to having consumed "a little beer" on April 1, 2007. The person who conducted the home visit was unknown to Officer Ferguson and his name was not provided to the court.

The records in this matter show that on February 26, 2007 the defendant had entered a plea of guilty to count two of the bill of indictment, that being the charged that he sold or transferred to another person forged and counterfeited obligations of the United States in violation of 18 U.S.C. § 473.

**Discussion**. 18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer -----

(1)    finds that there is----
       (A) probable cause to believe that the person has committed a

Federal, State, or local crime while on release; or
   (B) clear and convincing evidence that the person has violated any
other condition of release; and
(2)   finds that ---
   (A) based on the factors set forth in section 3142(g) of this title, there
is no condition or combination of conditions of release that will assure that the person
will not flee or pose a danger to the safety of any other person or the community; or
   (B) the person is unlikely to abide by any condition or combination
of conditions of release.

If there is probable cause to believe that, while on release, the person committed a
Federal, State, or local felony, a rebuttable presumption arises that no condition
or combination of conditions will assure that the person will not pose a danger to
the safety of any other person or the community."

18 U.S.C. § 3143(a) provides as follows:

**Release or Detention Pending Sentence. -** (1) Except as provided in paragraph (2) the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, other than a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. 994 does not recommend a term of imprisonment, be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c). If the judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c).

The government has urged the court to apply 18 U.S.C. § 3143(a). At first glance, the undersigned agreed but after further considering the issue, the undersigned has determined to make conclusions pursuant to both 18 U.S.C. § 3143(a) and 18 U.S.C. § 3148(b)(1).

The undersigned will first apply 18 U.S.C. § 3148(b)(1). Based upon the evidence, the undersigned finds that there is also probable cause to believe that the defendant committed a state crime while on release, that being the crime of felony aggravated battery.

That crime in Florida is a state felony. Due to the fact that there is probable cause to believe that the defendant committed a state felony, a rebuttable presumption arises, pursuant to 18 U.S.C. § 3148, that no condition or combination of conditions would assure that the defendant would not pose a danger to the safety of any other person or the community.

There has further been shown by clear and convincing evidence that the defendant violated another condition of release, that being that the defendant failed to report, as soon as possible, to the Probation Office and Pretrial Services contact that he had with law enforcement personnel, including any arrest, questioning or traffic stop. The evidence showed that as of April 23, 2007 at 4:30 o'clock p.m. the defendant had not notified his United States Probation Officer of his arrest for felony aggravated assault. The arrest occurred on April 20, 2007. The evidence showed that the defendant was released on bond on April 21, 2007. The defendant had a period of two complete days in which he could have contacted Officer Bunk. The undersigned does not find by clear and convincing evidence that the defendant violated the condition of release which ordered that he refrain from any use of alcohol. The evidence presented to the undersigned shows that an unnamed person in the employ of the United States Probation Office allegedly took a statement from the defendant. This statement was reported to Officer Bunk and then reported to Officer Ferguson. The reliability of such a statement is too tenuous for the undersigned to find by clear and convincing evidence that the defendant violated the condition of release that ordered him to refrain from use of alcohol.

Due to the findings made above and further considering the presumption that has been

created and also considering the factors as set forth under 18 U.S.C. § 3142(g), it appears there is no condition or combination of conditions of release that will assure that the release of the defendant will not pose a danger to the safety of any other person or the community. It is the opinion of the undersigned that based upon the defendant's actions, that it is unlikely that the defendant will abide by any condition or combination of conditions of release. As a result of the above referenced findings, the undersigned has determined to enter an order of revocation revoking the unsecured bond and the terms of pretrial release previously issued in this matter and entering an order detaining the defendant. In regard to making findings concerning the release of the defendant, pursuant to 18 U.S.C. § 3143(a), the undersigned cannot find by clear and convincing evidence that the defendant is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c). Indeed, the evidence shows, as set forth above, that the release of the defendant would pose a danger to the safety or any other person or the community.

## ORDER

BASED UPON THE FOREGOING, IT IS **ORDERED** that the unsecured bond and terms and conditions of pretrial release entered in this matter are hereby **REVOKED** and it is **ORDERED** that the defendant be detained pending sentencing and further proceedings in this matter.

Signed: June 2, 2007

*Dennis L. Howell* (signature)

Dennis L. Howell
United States Magistrate Judge